**United States District Court**
**Central District of California**

**UNITED STATES OF AMERICA vs.**          CR 13-295-R-2

Defendant **RICHARD MENCHACA**           S.S.#-------8693

Residence: CDC/Home Dentention           Mailing:   Same
           17042 Dolphin Court
           Fontana, CA 92336
-----------------------------------------------------------------------
**AMENDED JUDGMENT AND PROBATION/COMMITMENT ORDER**
** Amended only as to the placement of the order of detention as a
    condition of his terms and conditions of probation. **
-----------------------------------------------------------------------
         In the presence of the attorney for the government, the defendant
appeared in person, on:    AUGUST 4, 2014
                        Month / Day / Year

COUNSEL: XX  WITH COUNSEL   Reuven L. Cohen, appointed

 X PLEA:
      X    GUILTY, and the Court being satisfied that there is a
factual basis for the plea.
         NOLO CONTENDERE            NOT GUILTY

FINDING:
     There being a finding of   X   GUILTY, defendant has been convicted as charged of the offense(s) of: Conspiracy to Commit Bank Robbery, in violation of Title 18 U.S.C. § 371, as charged in count 1 of the Indictment; and Bank Robbery, in violation of 18 U.S.C. § 2113, as charged in count 2 of the Indictment.

JUDGMENT AND PROBATION/COMMITMENT ORDER:
     The Court asked whether defendant had anything to say why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgement of the court the defendant is hereby committed:

     To a term of PROBATION for FIVE (5) years on each of Counts 1 and 2 of the Indictment, all such terms to run concurrently under the following terms and conditions: the defendant **1)** shall be committed to the custody of the Bureau of Prisons from 6:00 P.M. on Fridays to 6:00 P.M. on Sundays, consecutively each and every weekend, until the defendant has been detained for a total period of 1500 hours. Detention shall begin on Friday, August 29, 2014, and consecutive Fridays thereafter, until the defendant has completed his 1500 hours; **2)** shall comply with the rules and regulations of the U.S. Probation Office and General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05; **3)** shall refrain from any unlawful use of a controlled substance, and shall submit to one (1) drug test within fifteen (15) days of release from THIS DATE and at least two (2) periodic drug tests thereafter, not to

-- GO TO PAGE TWO --                              _____CCH_____
                                                   Deputy Clerk

U.S.A. V. RICHARD MENCHACA                                CR 13-295-R-2
-- CONTINUED FROM PAGE ONE --                                PAGE TWO
============================================================
### JUDGMENT AND PROBATION/COMMITMENT ORDER
============================================================

exceed eight (8) tests per month, as directed by the Probation Officer **4)** during the period of community supervision, shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment; **5)** shall cooperate in the collection of a DNA sample **6)** shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated from or unexpected financial gains to the outstanding court-ordered financial obligation.

    IT IS FURTHER ORDERED that defendant shall comply with General Order No. 01-05.

    IT IS FURTHER ORDERED that defendant pay a special assessment of $200.00, which is due immediately.

    IT IS FURTHER ORDERED that all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

    IT IS FURTHER ORDERED that defendant pay restitution in the total amount of $75,000.00 pursuant to the 18 U.S.C. § 3663A. Defendant shall pay restitution in the total amount of $ 75,000.00 to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

    IT IS FURTHER ORDERED that Restitution shall be paid in the manner that the Probation Officer shall determine during his period of probation.

    IT IS FURTHER ORDERED that pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

-- GO TO PAGE THREE --                                _____CCH_____
                                                            Deputy Clerk

```
U.S.A. V. RICHARD MENCHACA                                CR 13-295-R-2
-- CONTINUED FROM PAGE TWO --                                 PAGE THREE
===========================================================
               JUDGMENT AND PROBATION/COMMITMENT ORDER
===========================================================
```

    IT IS FURTHER ORDERED that the defendant shall report to court every 120 days as provided by the Probation Officer during the period of his supervision.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. the Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Signed by: District Judge

**MANUEL L. REAL**

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Terry Nafisi, Clerk of Court

Dated/Filed: September 25, 2014     By /s/ Christine Chung
            Month / Day / Year        Christine Chung, Deputy Clerk

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution- pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

# RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By

_____  _____
Date                     Deputy Marshal

# CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By

_____  _____
Filed Date               Deputy Clerk

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)
_____  _____
Defendant                Date

_____  _____
U. S. Probation Officer/Designated Witness    Date